**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHERRY BEERS, Administratrix of the<br>ESTATE of ANDREW BEERS, Deceased<br>138 Juniper Road<br>Paxinos, PA 17860 | CIVIL CASE NO.: |
| Plaintiff, | |
| v. | |
| NORTHUMBERLAND COUNTY, AND<br>NORTHUMBERLAND COUNTY PRISION<br>399 S. 5th Street<br>Sunbury, PA 17801 | |
| And | |
| PRIME CARE MEDICAL, INC. (AKA Primecare Medical)<br>3940 Locust Lane<br>Harrisburg, PA 17109 | |
| Defendants. | |

## PLAINTIFF'S COMPLAINT

1. Plaintiff, Sherry Beers, is the mother of decedent, Andrew W. Beers, who died on August 13, 2013, with an address as set forth above.

2. Sherry Beers was appointed as the Administratiax of the Estate of her late son Andrew, by the Northumberland County Register of Wills, and a copy of the Letters of Administration are attached as Exhibit "A".

3. On or about July 23, 2013 Andrew Beers was committed to the Northumberland County Prison for theft and receipt of stolen property.

4. The Northumberland County prison is owned by, staffed by and maintained by Northumberland County and the addresses of those defendants are set forth above.

5. Northumberland County and its Prison are required by the United States Constitution to provide inmates with medical care, including psychiatric treatment by qualified psychiatrists and licensed mental health professionals.

6. Federal Jurisdiction is invoked pursuant to 42 USC §1983. Plaintiff also invokes the pendant jurisdiction of the Court to hear and decide questions under state law.

7. The practices hereinafter alleged to be unlawful were committed in the Middle District of Pennsylvania wherein all of the parties reside, govern and operate. Venue in the Court is therefore invoked under 28 U.S.C. § § 1331 and 1343(1), (3), (4). Plaintiff also asserts state law claims which are properly within the pendant jurisdiction of this Court.

8. The Matter in controversy exceeds Seventy-Five ($75,000) Thousand Dollars exclusive of interest costs and fees.

9. Prime Care Medical Inc. is a Pennsylvania Professional Corporation located at the above address which contracted with Northumberland County to provide psychiatric medical services to inmates at the Northumberland County Prison in 2013.

FACTS DISCLOSED BY PRISON FILE

10. Prior to his death, Andrew Beers was known to all defendants to have suffered from depression for which he was prescribed anti-depressant medications, but defendants never contacted or sought to contact decedent's medical providers to determine the full nature and extent of his psychiatric history for purposes of assessing any suicidal risk.

11. During his initial assessment at the prison, Andrew Beers indicated a desire to see

a psychologist and/or psychiatrist as early as July 23, 2013, while disclosing his need for Prozac and his long-standing psychiatric history, but he was never permitted to see a licensed psychologist or psychiatrist at any time during his 21-day confinement, nor did any physician assess his needs for psyco-therapeutic medication.

12. During his incarceration, defendants were aware that Andrew Beers had suffered anxiety attacks and chronic depression and they administered psychotropic medication, but nevertheless defendants denied his repeated requests to see a psychiatrist.

13. On or about August 12, 2013, Andrew Beers made a written and oral request to be transferred from a cell shared with seven other inmates to a two man cell where defendants were aware that opportunities would arise to commit suicide once the lone cellmate left the cell for exercise, meals, visits or medical treatment, and where fixtures and anchor points in that cell together with prison-supplied sheets, shirts, towels, and linens provided the tools for suicide by hanging.

14. On the afternoon of August 12, 2013, Andrew Beers again sought psychiatric help and specifically asked Jacqueline Schultz of Prime Care Medical that he be seen by a psychiatrist, but that request was again ignored and/or denied.

15. Andrew Beers was never given a full mental health and suicide risk evaluation by a qualified psychiatrist, or necessary medications tailored to treat his depression, despite his known psychiatric history and his repeated requests to see a psychiatrist.

16. Andrew Beers was never given appropriate suicide checks after transfer to a two man cell and he was left unwatched and unattended when his cellmate, Jeremy Church, left the unguarded two man cell, despite Andrew Beer's known know mental health history, depression, and his repeated requests to see a psychiatrist.

17.     On August 13, 2013, Jeremy Church was removed from the cell, leaving Andrew Beers unattended in the cell for an extended period of time, during which time Andrew Beers used available cloth to tie around an anchor point in the cell and around his neck in order to commit suicide by hanging.

18.     Around 5:32pm upon his return to the cell, Jeremy Church discovered Andrew Beers hanging, yet it took prison guards several minutes or longer to cut him down and administer CPR and AED.

19.     Mr. Beers was subsequently declared dead at a local hospital, after which suicide notes were found stating that "the stress is just too much for me… I've been having chest pains and panic attacks", "the pain was too much".

<u>PRIME CARE MEDICAL, INC; PA STATE PENDENT CAUSE OF ACTION</u>

20.     Prime Care Medical, Inc., through its agents and employees were medically negligent and violated professional standards of medical care and failed to provide Andrew Beers with requested and necessary psychiatric treatment to which he was entitled more specifically as follow:

   a. Failure to have Andrew Beers seen by, evaluated by, and treated by a psychiatrist;

   b. Failure to respond to Andrew Beers' repeated requests to see a psychiatrist;

   c. Failure to investigate and take into account his mental health history as part of the suicide screening intake;

   d. Failure to monitor his psychiatric and mental health progress during his confinement on a regularly scheduled basis;

    e. Failure to provide him with requested access to professional medical care with a trained and licensed psychiatrist;

    f. Failure to have him seen by an appropriately experienced psychiatrist for purposes of determining the types and does of psychotropic medications he required and their effect on his mental health on a regular basis during his confinement;

    g. Failing to investigate and evaluate his sudden request for transfer to a 2 man cell;

    h. Failing to require suicide prevention checks, suicide proof linens, monitoring and other suicide precautions after his transfer to a two man cell;

## FIRST FEDERAL CAUSE OF ACTION- NORTHUMBERLAND COUNTY DEFENDANTS RECKLESS CONDUCT/DELIBERATE AND INTENTIONAL CONDUCT

21. Plaintiff incorporates the preceding paragraphs of this pleading.

22. Defendants, NORTHUMBERLAND COUNTY and their agents at their prison acted with intentional malice and reckless indifference by refusing requests for psychiatric care.

23. Defendants, NORTHUMBERLAND COUNTY acted with reckless indifference by failing to remove decedent from his detainment to a hospital for psychiatric treatment and/or adequately monitoring decedent despite their knowledge of decedent's particular vulnerability while he was in Defendants' custody.

24. Decedent's suicide was the direct and proximate result of negligence and reckless conduct by defendants and their agents, as he had requested and required psychiatric care, commitment and/or constant monitoring and appropriate suicide watch. Such negligence and reckless conduct consisted of:

a. Failing to provide regular and continuous observation and supervision and/or control of decedent's activities;

b. Leaving decedent unattended and unwatched for long periods of time;

c. Failing to use available audio and video monitoring systems;

d. Failing to make any search of decedent's cell to confiscate anything which decedent could use to injure himself including a bed sheet;

e. Failing to make timely cell checks of decedent and to provide adequately for his safety, safekeeping and well-being, despite decedent's known particular vulnerability to suicide and Defendants acted with reckless indifference in failing to preform said cell checks;

f. Acting with reckless indifference and intentional and deliberate malice in ignoring his mental health history and requests for a psychiatrist and failing to take any measures whatsoever to prevent his suicide;

g. Failing to move decedent to a hospital and/or psychiatric facility for psychiatric care, or otherwise getting decedent prompt medical evaluation and/or commitment;

h. Placing decedent in detainment in a cell where he could commit suicide instead of providing him with psychiatric care;

i. Failing to provide decedent with psychiatric care;

j. Failing to comply with Pa Department of Corrections suicide prevention requirements;

k. Failing to institute the recommendations of the 2006 Klinkowski report which was prepared for Northumberland County after another preventable suicide.

## SECOND FEDERAL CAUSE OF ACTION -14TH AND 5TH AMENDMENT
### RECKLESS INDIFFERENCE – NORTHUMBERLAND DEFENDANTS

25. Plaintiff incorporates the preceding paragraphs of this pleading.

26. Decedent was confined to an unmonitored jail cell which contained sheets, clothing, and anchoring points which provided decedent with the tools necessary to carry out his suicidal threats and which could be tied into a ligature.

27. Pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff had the right to be secure in his life and person and to receive proper medical care and attention while confined pursuant to state authority.

28. The actions of all named Defendants manifested a deliberate indifference to decedent's constitutional rights in violation of the Fourteenth Amendment of the United States Constitution and Title 42, United States Code, Section 1983.

29. The actions of all named Defendants were deliberately indifferent to the needs of decedent during the time he was in custody of the defendants and such acts amounted to the deprivation under color of state law of rights, privileges and immunities secured to him by Constitution and Laws of the United States, and particularly his right not to be deprived of life and liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments to the Constitution, his right to medical care and emergency medical procedures, his right not to be subjected to cruel and unusual punishment guaranteed by the Eight Amendment, and his right to the equal protection of the laws, guaranteed under the Fifth and Fourteenth Amendments.

## THIRD FEDERAL CAUSE OF ACTION – 5TH AND 14TH AMENDMENT
### FAILURE TO TRAIN – NORTHUMBERLAND DEFENDANTS

30. Plaintiff incorporates the preceding paragraphs of this pleading.

31. Defendants, NORTHUMBERLAND COUNTY as a matter of policy have failed

to adequately discipline, train or otherwise direct their agents and/or employees concerning suicide prevention and the rights of citizens.

32. Such deliberated indifference was a custom or policy of Northumberland County, where there was a history of several prior suicides and repeated citations by the Pennsylvania Department of Corrections.

33. The actions of Defendants, acting under color of state law, deprived decedent in particular, of the rights to be secure in his person and property and to be free from cruel and unusual punishment.

34. By these actions, Defendants have deprived decedent of rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

35. The acts of all named Defendants were intentional, outrageous, wanton and deliberate, exhibiting a total and reckless disregard for the interests and rights of decedent.

36. At all times relevant to the facts and circumstances which give rise to this Complaint, Defendants acted with bad intentions and have exhibited a conscious and reckless disregard for the welfare, interest and rights of decedent.

37. At all times relevant herein, all named Defendants knew, or had reason to know, that their conduct would result in harm to Plaintiff.

### FOURTH FEDERAL CAUSE OF ACTION – 8TH AMENDMENT
### NORTHUMBERLAND COUNTY DEFENDANTS

38. Plaintiff incorporates the preceding paragraphs of this pleading.

39. Pursuant to the Eight Amendment to the United States Constitution, Decedent had the right to the free from cruel and unusual punishment and to receive proper medical care and attention while confined pursuant to state authority.

40.     The Defendants knew of decedent's strong likelihood of suicide that was known and easily recognizable to the Defendants, but Defendants recklessly and intentionally ignored his serious and life-threatening medical needs for psychiatric care.

41.     The actions of all named Defendants manifested a deliberate indifference to Plaintiff's constitutional rights in violation of the Eight Amendment of the United States Constitution and of Title 42 U.S.C., section 1983.

## DAMAGES
### Sherry Beers, as Administratrix of the Estate – Wrongful death action

42.     Plaintiff incorporates the preceding paragraphs of this pleading.

43.     Sherry Beers brings this action individually and on behalf of the Estate of her deceased son, Andrew Beers as administratrix of his Estate.

44.     As a result of the negligence of defendants, Andrew Beers committed suicide and his family has been deprived of his earnings and support.

45.     Andrew Beers did not bring any action during his lifetime for such damages nor has any other civil complaint for his death been filed against the defendant.

46.     Sherry Beers brings this action under and by virtue of the "Wrongful Death Act," §42 Pa. C.S.A. §8371 *et. seq.* for any and all losses suffered by the Estate and any and all survivors, including punitive damages, costs, fees and other relief as the court may order.

WHEREFORE, plaintiff, Sherry Beers demands judgment against the defendants in an amount in excess of $75,000, including punitive damages, costs, fees and any other relief as the court may order.

### Sherry Beers, as Administratrix of the Estate – Survival Action

47.     Plaintiff incorporates the preceding paragraphs of this pleading.

48.     Plaintiff also brings this action on behalf of the Estate by virtue and under the Act

known as "Pennsylvania Survival Act," 42 Pa. C.S.A. §8202 <u>et. seq.</u>  20 Pa. C.S.A. §3371 <u>et. seq.</u>

49. Plaintiff claims on behalf of the Estate of Andrew Beers, all losses set forth above and all losses personal to him during his lifetime and due to his death, including all damages for his pain and suffering, mental anguish and all damages for loss of past personal wages and benefits, loss of earning capacity and loss of future wages and benefits, and for loss of life pleasures.

50. As a result of the death of Andrew Beers, his Estate has further been deprived of the economic value of decedent's life and plaintiff claims damages for the pecuniary losses suffered by Andrew Beers and his Estate by reason of his death, and his Estate is entitled to punitive damages.

WHEREFORE, plaintiff demands judgment in excess of $75,000, including punitive damages.

CERTIFICATE OF MERIT – Attached as Exhibit "B".

<u>JURY TRIAL DEMANDED</u>

Plaintiff requests a jury trial in this matter as to any and all causes of action triable by and/or before a jury.

Law Offices of Wayne A. Schaible, LLC

BY: <u>/S/ Wayne A. Schaible</u>
    Wayne A. Schaible